IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ERIC NICHOLAS GAPCO, <br><br> Defendant. | Case No.  2:24-cr-00250-DS <br><br> ORDER GRANTING THE UNITED STATES' STIPULATED MOTION FOR PROTECTIVE ORDER PURSUANT TO FRCrP R.16(d) |

On the stipulated motion of the United States, and good cause appearing, the Court enters the following protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure:

A.  <u>Sensitive Security Information (SSI)</u>.

1.  The indictment in this case alleges that the Defendant, Eric Nicholas Gapco, committed the offenses of Interference with a Flight Crew in the Special Aircraft Jurisdiction of the United States and Attempted Damage to an Aircraft in the Special Aircraft Jurisdiction of the United States.  Some information about the facts of the alleged offense may be SSI.

2.  The United States produced redacted discovery to the Defendant.

3. SSI is a specific category of information that requires protection against unauthorized disclosure pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520. By statute, SSI includes information that, if disclosed, would be detrimental to the security of transportation Unauthorized disclosure may also result in a civil enforcement penalty or other enforcement action by the Transportation Security Administration ("TSA") against the party making the unauthorized disclosure. 49 C.F.R. § 1520.17.

4. Access to SSI is limited to "covered persons" with a "need to know" as set forth in 49 C.F.R. § 1520.7 and § 1520.11. Because the Defendant, his attorney, the Court and its employees are "covered persons" "with a need to know" the information marked as SSI in this case, this Order permits the sharing through discovery materials that are marked as SSI or may contain SSI. The right of access to discovery materials marked as SSI or containing SSI shall be limited to the Court and its employees, the Defendant, counsel for the parties, paralegal, secretarial and clerical and administrative personnel in their employ and government personnel the attorney for the United States considers necessary to assist in the performance of his/her duties. Persons designated by counsel for either party as expert witnesses or otherwise critical to the preparation or presentation of the case shall be required to sign a Non-Disclosure Agreement,

appended to this protective order. Such persons (other than government personnel) shall be identified to the Court in a sealed, *ex parte* notice submitted by the party.

5.  Discovery Material in this protective order includes but is not limited to the following if designated as SSI by TSA: the statements made or allegedly made by the aircraft captain and first officer on the flight deck (whenever relayed or described), statements made by aircraft flight attendants, and any descriptions of threat levels and responses.

6.  All "covered persons" described herein have an express duty to protect against the unauthorized disclosure of SSI.  49 C.F.R. § 1520.9.  SSI must be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. § 1520.11. When unattended, documents including SSI must be secured in a locked container or office.  Documents including SSI stored or transmitted in electronic format must be protected so that only authorized people have access to them.

7.  Discovery Material that contains SSI may not be further disseminated to persons not identified as "covered persons" "with a need to know" in Paragraph A(4) above except with written permission from TSA.

8.  Material designated and protected as SSI shall not be disclosed in the body of an email, other writing, or in an unsealed court filing.  Pages containing

SSI shall be clearly marked on each page of the document with the appropriate header and footer:

A. Header:    SENSITIVE SECURITY INFORMATION

B. Footer:

*WARNING:* **This record contains Sensitive Security Information that is controlled under 49 CFR parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know", as defined in 49 CFR parts 15 and 1520, except with the written permission of the Administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalty or other action. For U.S. government agencies, public disclosure is governed by 5 U.S.C. 552 and 49 CFR parts 15 and 1520.**

Material designated and protected as SSI included in a sealed court filing shall be clearly part-designated as SSI (i.e., "[SSI Protected]"), the document shall include the header and footer described above, and the document shall be redacted prior to any eventual unsealing of the document.

9.     If any party or the Court intends to disclose material designated and protected as SSI in open court, record notice of such intent shall be provided promptly, and at least 5 days prior to the hearing at which the disclosure is planned. If the disclosing entity is other than the Government, the Government shall be afforded the opportunity to consult with TSA and to request a closed, in camera hearing, to allow the Court to make all determinations concerning the

relevance or admissibility of SSI that would otherwise be made during open-court proceedings. During such in camera hearing, the Government shall have the opportunity to propose and submit reasonable substitutes for the SSI. If the Court determines that the SSI is relevant and admissible, and that no adequate non-SSI substitute is available, TSA shall have the opportunity to seek an exemption from the TSA Administrator authorizing the release of SSI under terms and conditions that would not be detrimental to transportation security pursuant to 49 C.F.R. § 1520.15(e). This paragraph shall apply only to pretrial proceedings. Use and disclosure of material designated and protected as SSI during trial shall be subject to a separate Order as requested by one or both parties and entered by the Court.

10. Upon request by any producing entity, or on its own initiative, TSA will review any Discovery Material or documents derived from Discovery Material to assess whether it contains any SSI. To the extent that TSA determines that the specific Discovery Material does not contain any SSI, that specific Discovery Material is no longer subject to this part of this Order.

11. All documents subject to this part of this Order shall be marked as follows: "Confidential: Subject to SSI Protective Order in *United States v. Gapco*, 2:24-cr-00250-DS." All pages containing SSI shall be marked with the appropriate

SSI markings. All documents that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure.

    B. <u>Victim and Witness Information</u>.

    1.    The indictment in this case alleges that Defendant, Eric Nicholas Gapco, committed the offenses of Interference with a Flight Crew in the Special Aircraft Jurisdiction of the United States and Attempted Damage to an Aircraft in the Special Aircraft Jurisdiction of the United States. The discovery includes personal information (including names, physical addresses, email addresses, and phone numbers) of potential civilian victims and witnesses who reported observing the events on the plane, others who investigated the events for non-governmental entities, and others who may not have observed the events but were present on the aircraft. The Defendant's counsel has requested an unredacted copy of discovery to assist in reviewing the case and preparing a defense, and the United States considers this a reasonable request subject only to a need for a protective order protecting the personal information of the victims and witnesses.

    2. Subject to the separate provisions relating to SSI in Section A above, unredacted discovery (including names, physical addresses, email addresses, and phone numbers of victims and witnesses) may be provided to Defendant's counsel with the following restrictions (paragraphs 3-6):

3. All unredacted material that the government produces to the defense pursuant to this order are solely for the use of the Defendant's attorneys or other authorized individuals or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of the victims and other witnesses. The unredacted discovery produced pursuant to this order shall not be disclosed or made available for inspection or copying to any person, other than as permitted by this Order.

4. Unredacted discovery provided pursuant to this order may be further disclosed to the following people: (a) all counsel for the Defendant and other counsel within defense counsel's firm; (b) associates, secretaries, paralegals, private investigators, forensic accountants and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; and (c) court officials involved in this case.

5. Unredacted discovery may be provided to the Defendant on the condition that the personal identifying data (including date of births and social security numbers), residential address, telephone number(s), email or social media addresses of victims and potential witnesses and all audio files remain redacted.

Audio files may be reviewed with the Defendant, but a copy shall not be given to him.

6. The Defendant's attorney and any other authorized individuals or entities who receive materials in this case shall maintain all materials received from the government in a manner consistent with terms of this protective order.

C. <u>General Provisions</u>. The following conditions apply to discovery provided pursuant to both Sections A and B above:

1. The Defendant's attorney is required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case who review or receive discovery covered by this order. A knowing and willful violation of this protective order by the Defendant, his attorney, or others may result in contempt of court proceedings or other civil or criminal sanctions.

2. The Defendant's attorney and any other authorized individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, unredacted discovery to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall

include showing and discussing such materials with government and defense authorized individuals.

3. Within 90 days of the conclusion of this case, including all related appeals, all *unredacted* discovery produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office. The case shall be considered concluded for purposes of this order once any appeal is concluded (or the time for direct appeal has lapsed), and the time for any other post-conviction relief (other than a motion predicated on 28 U.S.C. § 2255(f)(2)-(4)) has lapsed. Alternatively, the Defendant's attorney may inform the United States Attorney's Office in writing that all such copies have been destroyed.

4. The provisions of Paragraph 3 shall not apply to redacted discovery, which defense counsel may retain at their discretion.

5. The provisions of this order governing disclosure and use of the materials shall not terminate at the conclusion of this criminal prosecution.

DATED this _____ day of September, 2024.

_____
United States [District] [Magistrate] Judge