TRINA A. HIGGINS, United States Attorney (#7349)
MICHAEL KENNEDY, Assistant United States Attorney (#8759)
Attorneys for the United States of America
111 South Main Street, Ste 1800 • Salt Lake City, Utah 84111
Telephone:  (801) 524-5682 • Facsimile: (801) 325-3387

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.  2:24-cr-00250-DS |
| Plaintiff, | : | |
| v. | : | FOURTH CERTIFICATE OF COMPLIANCE AND REQUEST FOR RECIPROCAL DISCOVERY |
| ERIC NICHOLAS GAPCO, | : | |
| Defendant. | : | Judge: DAVID SAM |

_____

The United States of America ("United States"), through its counsel, hereby files its Fourth Certificate of Compliance with its discovery obligations in this case and Request for Reciprocal Discovery from the defendant.

The United States gives notice that the following, in accordance with FRCP 16(a)(1)(E), and the Protective Order filed under document number 35, is being or has been provided to counsel for the defendant via USAfx:

| Involved Parties | Description | Beginning Bates | Ending Bates |
|---|---|---|---|
| Gapco, Eric | Criminal History | IP-EG-01-00001 | IP-EG-01-00001.04 |
| **Reports** | | | |
| Salt Lake PD | Case report no. 2024-162077 | RPT-SLPD-01-00001 | RPT-SLPD-01-00001.28 |
| Salt Lake PD | CAD Log no. 2024-162077 | RPT-SLPD-01-00002 | RPT-SLPD-01-00002.13 |
| Salt Lake PD | Watch Log no. 2024-162077 | RPT-SLPD-01-00003 | RPT-SLPD-01-00003.03 |
| **Business Records** | | | |
| American Airlines | Flight Manifest | BR-AA-01-00001 | BR-AA-01-00001.04 |
| American Airlines | CERS Report | BR-AA-01-00002 | BR-AA-01-00002.08 |

| Business Records | Description | Beginning Bates | Ending Bates |
|---|---|---|---|
| American Airlines | CERS Report - Additional Debrief | BR-AA-01-00005 | BR-AA-01-00005.04 |
| American Airlines | Captain & Flight Attendant Reports | BR-AA-01-00003 | BR-AA-01-00004.03 |
| American Airlines | Cost of Diversion Summary | BR-AA-01-00006 | BR-AA-01-00006 |
| **Photographs** | | | |
| Detention Room | Broken Glass, Room CB10-102 | PH-01-00001 | PH-01-00012 |
| **Audio & Video** | | | |
| Officer BWC | Salt Lake PD, Case no. 2024-162077 | AV-BWC-01-00001 | AV-BWC-01-00008 |

As set forth in the pre-trial Protective Order (ECF No. 35), materials provided to the Defense in discovery in this matter contain Sensitive Security Information ("SSI"), the use and disclosure of which is governed by 49 U.S.C. § 114(r) & 49 C.F.R. Part 1520.  As defined by 49 C.F.R. § 1520.5, SSI is information obtained or developed in the conduct of security activities, the disclosure of which TSA has determined would be detrimental to the security of transportation. 49 C.F.R. § 1520.5(a)(3).

Specific procedures exist for recognizing, marking, protecting, sharing, and destroying SSI.  Under regulations promulgated by TSA at 49 C.F.R. Part 1520, pursuant to 49 U.S.C. § 114(r) (formerly 49 U.S.C. § 114(s)), SSI may not be disclosed to a non-covered person in criminal discovery except with the express consent of the Administrator or his designee.  See 49 C.F.R. § 1520.9(a)(2).  Materials containing SSI must also be appropriately marked in accordance with the requirements set forth in the regulation, specifically at sections 1520.9(a)(4) and 1520.13. Notably, materials containing SSI must contain protective marking – a header- and a distribution limitation statement- a footer- as set forth in section 1520.13.   Questions regarding the marking, protection, and distribution of SSI should be addressed to David Hall, Attorney/Advisor, TSA, at SSI@tsa.dhs.gov or David.Hall@tsa.dhs.gov. **NOTE:  Mr. Hall is not part of the United States' prosecution team.**

Pursuant to Rule 12(b)(4)(A) of the Federal Rules of Criminal Procedure, the United States notifies the defense that, at trial, the United States may seek to use all physical evidence, statements made by the defendant and others, police reports, phone records, electronic evidence (including body camera footage), documents, and photographs obtained during the investigation.  The United States reserves the right to introduce in its case-in-chief all tangible objects, physical, documentary, and electronic evidence, and all other evidence provided, made available, or identified in discovery.

As additional discoverable material becomes available, such material will be provided within a reasonable time.  Throughout this case, the United States will provide material discoverable under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure and the Jencks Act without requiring the defendant to make a specific request for such material.  Upon the request of the defendant, the United States will permit and facilitate the defendant's own inspection, copying or photographing of those items described/defined in Rule 16(a)(1)(E).

The United States also hereby requests disclosure of evidence by the defendant (also known as reciprocal discovery) pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and DUCrimR 16-1(c).  By providing Rule 16 discovery without requiring a specific request from the defense, the United States invokes a reciprocal obligation on the defendant under DUCrimR 16-1(c), which states that the defendant must allow the government to inspect and to copy the following, as further defined in Rule 16 of the Federal Rules of Criminal Procedure:

    a.    Documents and tangible objects the defendant intends to introduce as evidence at trial;

      b.      Reports of examinations and tests the defendant intends to introduce at trial or that were prepared by a witness whom the defendant intends to call at trial; and

      c.      A written summary of the testimony of any expert the defendant intends to use a trial under Federal Rules of Evidence 702, 703 and 705.

The United States requests that the defendant provide to the government at a reasonable time before trial, but no later than five working days before trial, copies of the material referenced in this paragraph. Further, the United States requests continuing compliance with the reciprocal discovery following the initial disclosure.

The United States also hereby requests all written and recorded statements by any witness other than the defendant whom the defendant intends to call at trial or a hearing covered by the Jencks Act or Rule 26.2 of the Federal Rules of Criminal Procedure.

DATED this 20th day of September 2024.

                TRINA A. HIGGINS
                United States Attorney

                */S/ Michael Kennedy*
                _____

                MICHAEL KENNEDY
                Assistant United States Attorney

- 5 -

## CERTIFICATE OF SERVICE

I certify that on the 20th day of September 2024, the Fourth Certificate of Compliance and Request for Reciprocal Discovery was filed electronically to the District Court, and caused to be served via USAfx, to the following:

> Emily A. Stirba
> *Attorney for Eric Gapco*
> 46 West Broadway, Suite 110
> Salt Lake City, Utah 84101

*/S/ Emily Gaitin*

_____

Emily Gaitin
Certified Paralegal